



CJ18 208

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN 10 2018

RICK WARREN
COURT CLERK

40

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

**COURTNEY DOWELL,**

    Plaintiff,

vs.

**COX OKLAHOMA TELECOM, LLC,**

    Defendant.

Case No. CJ-2018-

**CJ-2018-208**

## PETITION

    Plaintiffs, Courtney Dowell ("Dowell"), brings this cause of action against Cox Oklahoma Telecom, LLC ("Cox") and states as follows:

### Nature of Action & Introduction

1. Cox is a foreign limited liability company incorporated in the State of Delaware that does business as Cox Communications

2. Dowell is a citizen of the United States and resides in the State of Oklahoma.

3. At all times relevant to this lawsuit, Dowell was employed by Cox.

4. Dowell brings this case individually for violations of the Family Medical Leave Act ("FMLA"), Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Fair Labor Standards Act ("FLSA").

### Jurisdiction and Venue

5. All of the claims herein arose in Oklahoma County, Oklahoma.

6. Defendant conducts business in Oklahoma County, Oklahoma.

1



EXHIBIT
2

7.   Defendant may be served in Oklahoma County, Oklahoma.

8.   Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 9, 2017, alleging violations of the ADA and Title VII. Plaintiff received a Notice of Right to Sue on October 12, 2017. This lawsuit is filed within 90 days of the receipt of the Notice of Right to Sue.

9.   At all times material to this action, Cox employed at least 50 employees within a 75-mile radius of Plaintiff's location of employment in Oklahoma City, Oklahoma.

10.  At all times material to this action, Cox is considered an employer under FMLA, ADA, Title VII, and FLSA.

11.  At all times material to this action, Dowell is considered an employee under FMLA, ADA, Title VII, and FLSA.

## Factual Allegations

12.  Cox hired Dowell on or about February 1, 2016, as a Retention Sales Specialist.

13.  In or around November 2016, Dowell complained to Cox that a manager had been showing preferential treatment to an employee that had been having a sexual relationship with the manager. The employee was able to show up to hours late while being compensated for work and the employee was not subject to the same performance metrics requirements as other employees, including Plaintiff.

14. In or around January 2017, Dowell complained to Cox that she was not being paid for work she performed on the job. Dowell informed Cox that her timeclock was not accurately reporting her work hours. Cox ignored Dowell's complaints. Dowell continuously complained about the matter and offered proof that she was working times outside the timeclock.

15. On or about February 1, 2017, Dowell disclosed to Cox that she suffers from Rheumatoid Arthritis, which would require her to take short breaks during her shift and time off occasionally. Dowell requested accommodation for her diagnosis in late February 2017. In addition to requesting accommodations for her diagnosis, Dowell requested FMLA for intermittent leave and other protected absences related to her health condition, as verified by her physician.

16. After Dowell's complaints, Dowell was treated differently. Dowell was subject to different performance sales metrics quotas than all other employees. In addition, Plaintiff was disciplined for absences that should have been protected under the FMLA.

17. Cox denied Plaintiff's requests for FMLA protection for her absences in February and March 2017.

18. Defendant terminated Plaintiff on or about May 2, 2017.

19. Defendant terminated Plaintiff because she requested an accommodation for her disability and because she opposed sexual harassment in the workplace by complaining to Defendant.

20. At all material times to this lawsuit, Plaintiff was able to perform all essential job functions.

## Count I: (FLSA Retaliation)

21. Plaintiff hereby incorporates and re-alleges, in full, all preceding paragraphs of this Complaint.

22. At all times relevant herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA.

23. The FLSA prohibits employers from retaliating against employees for complaining about unlawful pay practices.

24. In January 2017, Dowell complained of unlawful pay practices and was immediately subject to different performance metrics that employees are evaluated on for disciplinary and termination purposes.

25. In May 2017, Dowell was terminated based on Cox's selective enforcement of performance metrics and/or intentional modification of Plaintiff's sales statistics that occurred after Dowell's complaints of unlawful pay practices in January 2017.

26. Dowell was terminated because of her complaints of unlawful pay practices.

27. Cox is liable under the FLSA for lost wages, liquidated damages, compensatory/emotional distress damages, pre- and post-judgment interest, reasonable attorneys' fees, court costs and litigation costs.

WHEREFORE Plaintiff seeks relief and judgment against Defendant as follows: judgment against Defendant for violation of the FLSA; an award of lost wages (front and back pay); determination that Defendant's violations were willful; an award of liquidated damages against Defendant; pre-judgment and post-judgment interest as provided by law; an award of compensatory/emotional distress damages; an award of reasonable attorneys' fees, court costs, and litigation costs; and for such other and further relief as the Court deems just and proper.

### Count II: (Title VII Retaliation)

28. Plaintiff hereby incorporates and re-alleges, in full, all preceding paragraphs of this Complaint.

29. At all times relevant herein, Plaintiff was entitled to the rights, protections, and benefits provided under Title VII.

30. Title VII prohibits employers from retaliating against employees for being a witness to and complaining about unlawful sexual harassment in the workplace.

31. In November 2016, Plaintiff complained to Defendant about an unlawful quid pro quo sexual relationship in the workplace between a colleague and a manager. Plaintiff, and other employees, were being subject to different policies than the employee who was engaging in a sexual relationship with the manager.

32. In May 2017, Dowell was terminated based on Cox's selective enforcement of performance metrics and/or intentional modification

of Plaintiff's sales statistics that occurred after Dowell's complaints of sex discrimination in November 2016.

33. Defendant is liable under Title VII for lost wages, compensatory damages, punitive damages, pre- and post-judgment interest, reasonable attorneys' fees, court costs, and litigation costs.

WHEREFORE Plaintiff seeks relief and judgment against Defendant as follows: judgment against Defendant for violation of Title VII; an award of lost wages (front and back pay); determination that Defendant's violations of Title VII were willful; an award of compensatory and punitive damages; pre-judgment and post-judgment interest as provided by law; an award of reasonable attorneys' fees, court costs, and litigation costs; and for such other and further relief as the Court deems just and proper.

### Count III: (ADA Retaliation)

34. Plaintiff hereby incorporates and re-alleges, in full, all preceding paragraphs of this Complaint.

35. At all times relevant herein, Plaintiff was entitled to the rights, protections, and benefits provided under the ADA.

36. ADA prohibits employers from retaliating against employees for requesting accommodations for their disabilities.

37. In February 2017, Plaintiff notified Defendant of her diagnosis of Rheumatoid Arthritis and her physicians instructions to take intermittent breaks. Plaintiff requested an accommodation of

6

approved intermittent breaks and/or absences to accommodate her symptoms and diagnosis.

38. In May 2017, Dowell was terminated based on Cox's selective enforcement of performance metrics and/or intentional modification of Plaintiff's sales statistics that occurred after Dowell's requests for a reasonable accommodation for her disability in February 2017.

39. At all times material to this cause of action, Plaintiff was able to perform all essential job functions.

40. Defendant is liable under the ADA for lost wages, compensatory damages, punitive damages, pre- and post-judgment interest, reasonable attorneys' fees, court costs, and litigation costs.

WHEREFORE Plaintiff seeks relief and judgment against Defendant as follows: judgment against Defendant for violation of ADA; an award of lost wages (front and back pay); determination that Defendant's violations of ADA were willful; an award of compensatory and punitive damages; pre-judgment and post-judgment interest as provided by law; an award of reasonable attorneys' fees, court costs, and litigation costs; and for such other and further relief as the Court deems just and proper.

**Count IV & V: (FMLA Interference & FMLA Retaliation)**

41. Plaintiff hereby incorporates and re-alleges, in full, all preceding paragraphs of this Complaint.

42. At all times relevant to Plaintiff's requests for FMLA in February 2017 and after, Plaintiff was an eligible employee for FMLA protected absences.

43. At all times relevant to this cause of action, Cox was an employer as defined by the FMLA.

44. Plaintiff was entitled to FMLA leave for many of the absences she was terminated for. One of the reasons Defendant terminated Plaintiff for was absences that Plaintiff notified Defendant were for FMLA related purposes.

45. Plaintiff's right to take FMLA was interfered with by Defendant. Plaintiff intentionally terminated Plaintiff despite knowing she was using protected time to care for a serious medical condition that was being treated by a physician.

46. In May 2017, Dowell was terminated based on Cox's selective enforcement of performance metrics and/or intentional modification of Plaintiff's sales statistics that occurred after Dowell's requests for FMLA protected leave for her serious medical condition.

47. Defendant is liable under the FMLA for lost wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, court costs, and litigation costs.

WHEREFORE Plaintiff seeks relief and judgment against Defendant as follows: judgment against Defendant for violation of FMLA; an award of lost wages (front and back pay); an award of liquidated damages;

determination that Defendant's violations of FMLA were willful; pre-judgment and post-judgment interest as provided by law; an award of reasonable attorneys' fees, court costs, and litigation costs; and for such other and further relief as the Court deems just and proper.

### Demand for a Jury Trial

48. The Plaintiff demands a jury trial for all issues of fact presented by this action.

Respectfully submitted,

D. Colby Addison, OBA #32718
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
Telephone: 405.703.4567
Facsimile: 405.703.4067
E-mail: colby@lhllaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**